## 5467.

(Court of Appeal, Parish of Orleans.)

## PIETRO GHILONI vs. STEPHEN L. VACCARO.

The Court is of opinion that it has jurisdiction over this appeal. On the merits, only questions of fact are involved.

Appeal from the Civil District Court, Division "B."

Titche & Rogers, for plaintiff and appellee.

Caffery, Quintero, Gidiere & Brumby, for defendant and appellant.

ST. PAUL, J.—Some question arose at the argument of this case as to our jurisdiction in the premises. It was urged that the only controversy herein is over the reconventional demand, and the point was made that under Art. 95 of the Constitution of 1898, a reconventional demand could not serve as the basis of jurisdiction on appeal.

The suit is one for a balance due for work done under a contract and for extra work. The defendant admits part of the extra work and admits the execution of the contract and its partial performance. He also admits that the alleged balance (less a small additional credit) "would be due" had the contract been faithfully performed by plaintiff.

But defendant denies that the contract was faithfully performed, and avers that in order to complete said contract, according to the intent thereof, he would be compelled to expend a sum in excess of said alleged balance.

His answer concludes with a prayer that plaintiff's demand be rejected and that defendant have judgment

in reconvention for the amount of said excess.

This answer clearly puts at issue the right of plaintiff to recover any part of the amount claimed in the petition. Hence it follows that the main demand is still "in dispute"; and the amount of said demand being within our jurisdiction an appeal accordingly lies to this Court.

## On the Merits.

This case grows out of a contract for plastering the walls of defendant's residence and involves issues of fact, all of which were resolved in favor of the plaintiff by the District Judge.

It would serve no good purpose to go through the details of conflicting testimony bearing upon numerous small items. Suffice to say that we are satisfied, as was the District Judge, that plaintiff is entitled to recover in full the amount of the main demand less a credit of $50.00, and that the reconventional demand should be rejected.

Only this reconventional demand need be noticed. It consists of three items: 1. The alleged cost of repairing certain work faultilly done by plaintiff; 2. The estimated cost of doing over again a great part of the plastering, claimed to be defective; 3. The possible damage to painting should the work be done over again.

As to the third item it is too remote and speculative to require further notice. As to the second item, it may be said that the evidence fails to show any necessity for having the work done over; nor does it show that defendant has, or ever had, the slightest intention of having it done over again.

The first item alone presents any serious controversy; but as we read the evidence, the faults complained of by defendant were neither so many nor so serious as he

claims, and the cost of doing the repairs appears to us grossly overcharged. But be that as it may, plaintiff at no time refused to make these repairs, he simply refused to do the work piece meal as defendant wanted him to do it. Having been interrupted in the midst of his work by circumstances for which defendant was responsible (at least as to him), plaintiff declined to go back on the work until such time as he could finish everything at once. He was, in our opinion, perfectly justified in taking this position, and defendant cannot charge him with the cost of having the work done by someone else in the meanwhile.

The judgment appealed from is correct.

Judgment affirmed.

January 9th, 1912.

Rehearing refused, February 5th, 1912.